Mark V. SCHEEHLE, Plaintiff–Appellant,

v.

JUSTICES OF THE SUPREME COURT OF THE STATE OF ARIZONA: Stanley G. Feldman, Charles E. Jones, Frederick J. Martone, Ruth A. McGregor, and Thomas A. Zlaket; Judges of the Superior Court of the State of Arizona, in and for the County of Maricopa: Michael R. McVey, Robert D. Myers, Jonathan H. Schwartz, and Christopher M. Skelly, Defendants–Appellees.

No. 00–15457.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2001

Filed July 26, 2001

Mark V. Scheehle (argued) and Dorothy L. Scheehle, Scheehle Law Firm, P.L.C., Fountain Hills, Arizona, pro se.

Scott Bales (argued), Solicitor General, State of Arizona, Phoenix, Arizona, for the defendants-appellees.

Before: PREGERSON, FERGUSON, and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

Mark V. Scheehle, an attorney in Maricopa County, Arizona, challenges the system of appointing arbitrators in Maricopa County Superior Court. Scheehle alleges that requiring certain attorneys to serve as arbitrators in civil cases constitutes a taking of his property without just compensation and violates his rights under the Equal Protection Clause of the Fourteenth Amendment. We reject these arguments and hold that a state can impose reasonable requirements upon attorneys as a condition of membership in a state bar.

## BACKGROUND

An Arizona statute authorizes the Superior Court of Arizona to provide for compulsory arbitration of cases within jurisdictional limits set by local rule. A.R.S. § 12–133(A). In Maricopa County, cases involving an amount in controversy of less than $50,000 are subject to mandatory ar-

bitration. The Arizona Supreme Court has adopted Uniform Rules of Procedure for Arbitration to govern these arbitrations.

■ If the parties do not stipulate to a particular arbitrator, the Uniform Rules provide that the arbitrator shall be appointed by the court as provided by local rule from a list of attorneys. Uniform Rule 2(b). The Uniform Rules identify three categories of attorneys who may be appointed as arbitrators: (1) residents of the county who have been an active member of the State Bar of Arizona for at least five years; (2) members of the State Bar who reside outside the county or members of other bars who have advised the court that they agree to serve; and (3) inactive members of the State Bar who have advised the court that they agree to serve. *Id.* The Maricopa County rules incorporate these same provisions. Under these rules, certain attorneys can therefore be forced to arbitrate cases even if they do not volunteer to do so.[1]

An attorney who is appointed as an arbitrator receives $75 for each day, or part thereof, spent hearing the case. A.R.S. § 12–133(G); Uniform Rule 6(a). The rules do not provide for reimbursement of expenses such as postage or photocopying, nor is there any reimbursement if the case is settled or otherwise concluded before a formal arbitration hearing is held.

The clerk of the Superior Court assigns cases to the next available name on the list of eligible attorneys. When all names have been used, the clerk returns to the beginning of the list. An attorney may be excused from a particular case upon a showing that he or she has already served as a court appointed arbitrator for two or more days during the current year. Uniform Rule 2(e)(3).

Appellant Scheehle was appointed to arbitrate a personal injury action. Scheehle had previously served as an arbitrator, and he alleges that he devoted at least four hours to each prior arbitration. Scheehle refused to accept the new appointment. He wrote a letter to the Arbitration Judge, contending that the system of court-appointed arbitration was unconstitutional. The judge scheduled a hearing on this issue and allowed Scheehle to brief his constitutional arguments. The judge rejected Scheehle's arguments and imposed a $900 sanction. Scheehle filed a Petition for Special Action with the Arizona Supreme Court, which declined to accept jurisdiction.

Scheehle then filed this action in district court, alleging six federal causes of action: (1) a taking of property ·without just compensation; (2) a violation of the Due Process Clause of the Fourteenth Amendment; (3) a violation of the Equal Protection Clause of the Fourteenth Amendment; (4) a violation of the First Amendment; (5) a violation of the Thirteenth Amendment's prohibition of involuntary servitude; and (6) a violation of the separation of powers doctrine.

The district court granted the defendant's motion for summary judgment on all the federal constitutional claims. Scheehle now appeals two issues: the takings issue and the equal protection issue. We have appellate jurisdiction under 28 U.S.C. § 1291.

## ANALYSIS

■ We review a grant of summary judgment de novo. *Cole v. Oroville Union*

---

1. The statute authorizing arbitration states that arbitrators should be drawn from "a list of qualified persons who have agreed to serve as arbitrators." A.R.S. § 12–133(C).

Scheehle suggests that the system imposed by the Uniform Rules contradicts the statute. This argument does not appear to state a cognizable federal issue.

*High Sch. Dist.*, 228 F.3d 1092, 1097 (9th Cir.2000).

## I. Takings

▉▉▉ Mr. Scheehle's ability to practice law in the state of Arizona is a privilege granted to him by the state. As such, the state can condition his ability to practice law upon the acceptance of certain responsibilities in the furtherance of the administration of justice. We have long recognized this principle with respect to indigent criminal defense. In *United States v. Dillon*, 346 F.2d 633 (9th Cir. 1965), we rejected a Takings Clause challenge brought by an attorney who was ordered by a court to represent an indigent criminal defendant without compensation. We found that there was "no 'taking', in the constitutional sense of [the lawyer's] services." *Id.* at 636. "[T]he obligation of the legal profession to serve indigents on court order is an ancient and established tradition." *Id.* at 635. Because an attorney entering the profession is "deemed to be aware of the traditions of the profession" being joined, the attorney has "consented to, and assumed, this obligation and when ... called upon to fulfill it, ... cannot contend that it is a 'taking.'" *Id.*

▉▉▉ As we explained in *United States v. 30.64 Acres of Land*, 795 F.2d 796 (9th Cir.1986), "Courts have long recognized that attorneys, because of their profession, owe some duty to the court and to the public to serve without compensation when called on." *Id.* at 800. "This duty of public service is a condition of practicing law, and constitutes neither a taking under the fifth amendment, nor involuntary servitude under the thirteenth amendment." *Id.* at 801 (citations omitted).

▉▉▉ Although we have not previously addressed a state's regulation of attorneys outside the context of indigent criminal defense, our prior decisions stand for the proposition that a state can impose reasonable conditions and duties on attorneys who are granted the privilege of appearing before that state's courts. If a condition of practice is reasonable, there is no taking of property.

▉▉▉ Here, the district court properly concluded that any burden imposed on attorneys by the arbitration requirements is "largely *de minimis*." Attorneys may be excused if they have already served two days in the current year. Therefore, there is no likelihood that any one attorney would be required to commit significant amounts of time to these arbitrations. Moreover, any out-of-pocket expenses incurred by the attorney are likely to be inconsequential. Indeed, the mere recitation of the costs about which Scheehle complains demonstrates the triviality of his claim: "messenger service or mileage for picking up and returning the case file ... postage for mailing notices to the parties and the court, stationary [sic], and other necessary supplies." Finally, the burdens imposed by the arbitration system pale significantly compared to the burdens imposed by indigent criminal defense. Such appointments entail vast amounts of time and expense, but nonetheless may be entirely uncompensated. Here, the attorney receives $75 a day for any day in which time is spent in an arbitration hearing.

We conclude that the arbitration rules at issue here are a permissible condition of the privilege of practicing law.

## II. Equal Protection

▉▉▉ Scheehle argues for the first time on appeal that the arbitration provisions treat attorneys differently than non-attorneys, in violation of the Fourteenth Amendment's Equal Protection Clause. In the district court, Scheehle argued only that the arbitration provisions treated different types of attorneys differently. We

do not ordinarily consider arguments that have not been fully and fairly presented to the district court. Accordingly, Scheehle's equal protection argument is waived. *See USA Petroleum Co. v. Atlantic Richfield Co.,* 13 F.3d 1276, 1284 (9th Cir.1994) (collecting authorities).

**AFFIRMED.**

